UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA YATSKO, Co-Administrator<br>of the Estate of Thomas Yatsko, Deceased<br>c/o Spangenberg Shibley & Liber, LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH  44114 | CASE NO.<br><br>JUDGE: |
| and | |
| DARIAN ALLEN, Co-Administrator<br>of the Estate of Thomas Yatsko, Deceased<br>c/o Spangenberg Shibley & Liber, LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH  44114 | **PLAINTIFFS' COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |
| Plaintiffs, | |
| vs. | |
| SERGEANT DEAN GRAZIOLLI<br>*(Personal Residential Address Withheld)*<br>c/o City of Cleveland Division of Police<br>Calvin D. Williams, Chief of Police<br>1300 Ontario Street<br>Cleveland, OH  44113 | |
| and | |
| CITY OF CLEVELAND<br>c/o Barbara A. Langhenry, Law Director<br>601 Lakeside Avenue, Room 106<br>Cleveland, OH  44114 | |
| and | |
| MRN INVESTMENTS LIMITED<br>PARTNERSHIP<br>c/o Richard V. Nosan, Registered Agent<br>29425 Chagrin Blvd., Suite 211<br>Pepper Pike, OH  44122 | |

and       )
          )
MRN INVESTMENTS LIMITED )
PARTNERSHIP II      )
c/o Richard V. Nosan, Registered Agent )
29425 Chagrin Blvd., Suite 211   )
Pepper Pike, OH  44122     )
          )
   and       )
          )
MRN INVESTMENTS LIMITED )
PARTNERSHIP III      )
c/o Richard V. Nosan, Registered Agent )
29425 Chagrin Blvd., Suite 211   )
Pepper Pike, OH  44122     )
          )
   and       )
          )
MRN GROUP, LLC     )
c/o Richard Demby, Registered Agent )
311 Cleveland Street      )
Elyria, OH  44035      )
          )
   and       )
          )
MRN INVESTMENT GROUP, LLC )
c/o Andrew Mascio, Registered Agent )
850 Euclid Avenue, Suite 1022   )
Cleveland, OH  44114     )
          )
   and       )
          )
MRN ENTERPRISES, LLC   )
c/o Mary R. Nottingham, Registered Agent )
3469 W. 54th Street      )
Cleveland, OH  44102     )
          )
   and       )
          )
MRN DEVELOPMENT CORPORATION )
c/o Ray Hamdan, Registered Agent )
900 Carnegie Avenue     )
Cleveland, OH  44115     )
          )
   and       )
          )

CORNER ALLEY, LLC             )
c/o 629 Euclid Ltd., Registered Agent  )
629 Euclid Avenue, 2nd Floor       )
Cleveland, OH  44114           )
                                           )
       and                     )
                                           )
CORNER ALLEY UPTOWN, LLC     )
c/o 629 Euclid Ltd., Registered Agent  )
629 Euclid Avenue, 2nd Floor       )
Cleveland, OH  44114           )
                                           )
       and                     )
                                           )
CORNER ALLEY FOURTH LIMITED  )
PARTNERSHIP                 )
c/o 1932 Service Corp., Registered Agent )
1301 East 9th Street, Suite 3500    )
Cleveland, OH  44114           )
                                           )
             Defendants.   )

Now come Plaintiffs, Melissa Yatsko and Darian Allen, individually and as Co-Administrators of the Estate of Thomas Yatsko, Deceased, by and through undersigned counsel, and for their Complaint against the above-named Defendants, state and aver as follows:

**INTRODUCTION**

1.    This action arises from incidents that occurred on January 13, 2018 – January 14, 2018, during which Defendant Sergeant Dean Graziolli shot and killed Thomas Yatsko outside, but on the premises of, the Corner Ally Uptown bar and restaurant located at University Circle in Cleveland, Ohio.

2.    Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of Thomas Yatsko's rights to be free from unreasonable seizures and excessive force and the right to medical care and treatment for serious medical needs under the protections of the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert Section 1983 claims against the

City of Cleveland and Calvin Williams, in his official capacity as the City of Cleveland's Chief of police, for failure to train and/or supervise its law enforcement officers, including Sergeant Dean Graziolli, for promulgating unconstitutional customs, policies, and/or practices, which proximately caused the violations of Thomas Yatsko's civil rights as alleged herein, and for ratifying the unconstitutional conduct of its officers, including Sergeant Dean Graziolli. Plaintiffs also assert Ohio state law claims for assault and battery, intentional infliction of emotional distress, and wrongful death against Sergeant Dean Graziolli.  Finally, Plaintiffs assert Ohio state law claims against the owners and operators of the Corner Ally Uptown for negligence, negligent hiring, retention and supervision, premises liability, recklessness, and as responsible for Dean Graziolli's acts and omissions alleged herein pursuant to the doctrine of *respondeat superior* and vicarious liability.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

6.     At all times relevant, Plaintiff Melissa Yatsko is and was Thomas Yatsko's mother residing in the Northern District of Ohio.  Plaintiff Melissa Yatsko is the duly appointed

Co-Administrator and Fiduciary of the Estate of Thomas Yatsko, Cuyahoga County Probate Court Case No. 2018 EST 231498.

7.      At all times relevant herein, Plaintiff Darian Allen is and was Thomas Yatsko's father residing in the Northern District of Ohio.  Plaintiff Darian Allen is the duly appointed Co-Administrator and Fiduciary of the Estate of Thomas Yatsko, Cuyahoga County Probate Case No. 2018 EST 231498.

8.      Prior to his death on or about January 14, 2018, Thomas Yatsko was at all times relevant a citizen of the United States residing in the State of Ohio in the Northern District entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

9.      At all times relevant, Defendants MRN Investments Limited Partnership, MRN Investments Limited Partnership II, MRN Investments Limited Partnership III, MRN Group, LLC, MRN Investment Group, LLC, MRN Enterprises, LLC and/or MRN Development Corporation (collectively, "MRN") were and are Ohio corporations with the their principal places of business located in the Northern District of Ohio that owned and/or operated the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland, Ohio under the name of MRN Hospitality Group.

10.     At all times relevant, Defendants Corner Alley, LLC, Corner Alley Uptown, LLC and Corner Alley Fourth Limited Partnership (collectively, "Corner Alley") were and are Ohio corporations with their principal places of business located in the Northern District of Ohio that owned and/or operated the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland, Ohio.

11.     At all times relevant, Defendant Sergeant Dean Graziolli is and was a law enforcement officer employed by the City of Cleveland and by Defendants MRN and Corner Alley acting under color of law and within the course and scope of his employment and/or agency or apparent agency with Defendants City of Cleveland, MRN and Corner Alley.

12.     At all times relevant, Defendant Graziolli is and was a "person" under 42 U.S.C. § 1983 and is being sued herein in his individual capacity.

13.     At all times relevant, Defendant City of Cleveland was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law.  Defendant City of Cleveland is a "person" under 42 U.S.C. § 1983.  Defendant City of Cleveland, through its Chief of Police and personnel is responsible for the administration, operation, training, and supervision of law enforcement officers and personnel of the City of Cleveland Police Department and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto.

## STATEMENT OF FACTS

14.     At all times relevant on January 13, 2018, Thomas Yatsko was a business invitee on the premises of the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland, Ohio.

15.     At all times relevant on January 13-14, 2018, Defendant Sergeant Dean Graziolli was working security for and employed by Defendants MRN and Corner Alley at the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland. Defendant Graziolli was performing his duties on behalf of, in furtherance of, at the behest of, and subject to the direction and right of control of Defendants MRN and Corner Alley.

16.     At all times relevant on January 13-14, 2018, Defendant Graziolli was acting under color of law as a City of Cleveland police officer and Sergeant.

17.     At all times relevant on January 13-14, 2018, Thomas Yatsko was not intoxicated or otherwise under the influence of alcohol or any illicit drugs.

18.     Thomas Yatsko and a co-worker acquaintance (the "Acquaintance") went to the Corner Alley Uptown bar and restaurant on the evening of January 13, 2018 to eat, play games and bowl, which they did.

19.     At some point while inside the Corner Alley Uptown bar and restaurant, Mr. Yatsko and the Acquaintance got into an argument and were asked by employees of Defendants MRN and Corner Alley, including Defendant Graziolli, to exit the inside of the Corner Alley Uptown bar and restaurant.

20.     Defendant MRN and Corner Alley employees, including Defendant Graziolli, escorted Thomas Yatsko and the Acquaintance outside of the Corner Alley Uptown bar and restaurant without incident.   Mr. Yatsko was cooperative and exited the interior of the Corner Alley Uptown bar and restaurant willingly.

21.     After being escorted outside, Mr. Yatsko was located on the sidewalk area in front of the Corner Alley Uptown bar and restaurant talking with another patron and contemplating how he would get transportation home.

22.     Unprovoked, Defendant Graziolli approached Mr. Yatsko outside in an aggressive and belligerent manner, swore at him and told him to leave the area, or words to that effect. Mr. Yatsko responded that he was trying to find a ride home and requested Defendant Graziolli's assistance.  Defendant Graziolli refused Mr. Yatsko's request and continued to act aggressively toward Mr. Yatsko, swearing at him and ordering him to leave the area.

23.  At no time did Thomas Yatsko possess a firearm or weapon, or anything that could be perceived as a firearm or weapon.  At no time did Mr. Yatsko announce that he possessed a weapon.

24.  No other Defendant MRN or Corner Alley employees or security personnel, other than Defendant Graziolli, engaged or sought to further interact with Mr. Yatsko outside after Mr. Yatsko exited the inside of the Corner Alley Uptown bar and restaurant.

25.  At all times relevant, Thomas Yatsko was 21 years old, approximately 5 foot seven inches tall, and weighed approximately 149 pounds.

26.  During the verbal exchange between Defendant Graziolli and Thomas Yatsko outside of the Corner Alley Uptown bar and restaurant, Sergeant Graziolli brandished his Cleveland Police Department-issued service weapon and pointed it at Thomas Yatsko.

27.  Upon information and belief, Defendant Graziolli and Thomas got into a physical altercation during which each of them attempted to strike the other.

28.  Thereafter, while Mr. Yatsko was standing still, approximately 4-6 feet from Defendant Graziolli, Defendant Graziolli fired his weapon striking Thomas twice.  Mr. Yatsko was not moving toward or advancing toward Defendant Graziolli at the time Graziolli fired and had no weapons in his possession or anything that could be perceived as a weapon.

29.  At the time Defendant Graziolli fired his gun at Thomas, Mr. Yatsko did not present any imminent or immediate threat of death or serious physical injury to Defendant Graziolli or anyone else.

30.  At times during his interactions with Mr. Yatsko, Defendant Graziolli represented himself as a Cleveland police officer and acted under color of law including, but not limited to, the following:

    a.   Defendant Graziolli announced that he was a Cleveland police officer multiple times;

    b.   Defendant Graziolli used a firearm issued by the City of Cleveland for use by Sergeant Graziolli as a Cleveland police officer;

    c.   Defendant Graziolli was wearing a City of Cleveland police officer's uniform and badge; and

    d.   Defendant Graziolli seized Thomas Yatsko's movement pursuant to his authority and/or apparent authority to do so as a police officer.

31.    Upon being shot twice, Thomas immediately fell to the ground.  Thomas was bleeding from his neck and shoulder areas and it was obvious that Mr. Yatsko had a serious medical condition and was in need of immediate medical care and attention.

32.    Defendant Graziolli never provided or attempted to provide Thomas with any medical care or attention.  Rather, Defendant Graziolli yelled at bystanders and patrons to notify 911 that he was a Cleveland police officer.  Bystanders repeatedly asked and instructed Defendant Graziolli to put his firearm away.  Without rendering any aid to Thomas, Defendant Graziolli went back inside the Corner Alley Uptown bar and restaurant.

33.    Thomas lay conscious on the sidewalk outside the Corner Alley Uptown bar and restaurant bleeding and gasping for air.

34.    Eventually emergency medical responders arrived and transported Thomas to University Hospitals where Mr. Yatsko died within hours on January 14, 2018.

35.    Thomas Yatsko was 21 years old.  He is survived by his mother, Melissa Yatsko, his father, Darian Allen, and his two minor brothers.

36.    On information and belief, Defendants MRN and/or Corner Alley were and/or are in possession of video surveillance footage capturing portions of the events and incidents at issue.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendant Dean Graziolli for Excessive Force in Violation of the Fourth and Fourteenth Amendments)**

37.     Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

38.     At the aforementioned time and place, Defendant Sergeant Dean Graziolli, acting under color of law, used unnecessary, unreasonable, outrageous, and excessive force, including deadly force, on Thomas Yatsko in violation of Mr. Yatsko's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39.     Defendant Graziolli's uses of unnecessary, unreasonable, outrageous, and excessive force, including deadly force, a the aforementioned time and place constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

40.     Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would or should have known that the uses of force at issue, including deadly force, violated Thomas Yatsko's clearly established Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures.

41.     Defendant Graziolli callously and recklessly disregarded Thomas Yatsko's clearly established Fourth and Fourteenth Amendment rights.

42.     As a direct and proximate result of Defendant Graziolli's uses of force, including deadly force, in violation of Thomas Yatsko's clearly established Fourth and Fourteenth Amendment rights, Thomas endured and suffered extreme conscious physical, mental and emotional pain and suffering, pecuniary loss, medical bills, and death, including pre-death terror.

**WHEREFORE,** Plaintiffs Melissa Yatsko and Darian Allen pray for judgment against Defendant Dean Graziolli for:

      a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

      b.  Punitive damages in an amount that will serve to adequately punish and deter Defendant Graziolli's acts and omissions alleged herein;

      c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

      d.  All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendant Dean Graziolli for Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment)**

43.    Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

44.    Once shot and wounded, Plaintiffs' Decedent, Thomas Yatsko, was within the care, custody, and control of Defendant Sergeant Dean Graziolli and was entitled to medical care and treatment for his serious medical needs.

45.    Having shot Thomas Yatsko and witnessed him fall to the ground bleeding, Defendant Graziolli did know that Mr. Yatsko suffered serious and life-threatening injuries requiring prompt medical intervention to avoid progressive physical deterioration and death.

46.    Defendant Graziolli had sufficient time to recognize Mr. Yatsko's condition and serious need for medical attention, to deliberate, and to provide medical attention to Thomas Yatsko.

47.    Defendant Graziolli provided no medical care and never attempted to provide any medical care to Thomas Yatsko at any time on January 13 or 14, 2018.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant Graziolli for:

a. Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the violation of Mr. Yatsko's Fourteenth Amendment right to prompt medical care;

b. Punitive damages in an amount that will serve to adequately punish and deter Defendant Graziolli's acts and omissions alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief to which the Estate of Thomas Yatsko is entitled and/or the Court deems equitable.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(42 U.S.C. §1983 Against Defendant City of Cleveland for Failure to Train and Supervise and for Unconstitutional Customs, Policies, and Practices Causing Constitutional Violations)**

48.     Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

49.     Defendant Sergeant Dean Graziolli and numerous other City of Cleveland law enforcement officers have a known and documented history of violating citizens' constitutional rights, including by using unreasonable and excessive force, including deadly force, and acting with deliberate indifference to citizens' serious medical needs, both while engaged in active duty as well as when working secondary employment for private establishments and corporations, about which Defendant City of Cleveland was and is well aware, to which, however, Defendant City of Cleveland is deliberately and consciously indifferent.

50.     Defendant City of Cleveland has a pattern and practice of failing to adequately and properly train and/or supervise its police officers, including Defendant Sergeant Dean Graziolli, on the usually and known recurring circumstances likely to be faced by Cleveland police officers both during active duty and during secondary employment, including,

but not limited to, uses of force, including deadly force, working security at public and private establishments, maintaining safe premises, dealing with the public, and providing medical care.

51.     At all times relevant, Defendant Sergeant Dean Graziolli had and has a known history of unbefitting and unacceptable conduct, including criminal convictions, known by Defendant the City of Cleveland that render him unfit and incompetent to serve as a Cleveland Police officer or to work secondary employment in the community while employed as a police officer for the City of Cleveland, and which known conduct and history of misconduct made it known and substantially certain that Defendant Graziolli would violate a citizen's constitutional rights.   Despite this knowledge, Defendant the City of Cleveland was consciously and deliberately indifferent to the substantial risk and certainty of constitutional violations by Defendant Graziolli and continued to employ him and put him in a position whereby he could and did violate citizens' constitutional rights, including those of Thomas Yatsko.

52.     Defendant the City of Cleveland promulgated and implemented customs and policies, written and unwritten, for hiring, training, retention, and supervision of City of Cleveland police officers on searches, seizures, uses of force, including deadly force, providing medical care, and secondary employment that, on their face, violate the Fourth or Fourteenth Amendments or are substantially certain and known to likely cause constitutional violations, and to which Defendant the City of Cleveland was and is deliberately indifferent.

53.     Defendant the City of Cleveland promulgated and implemented unwritten and written otherwise facially valid customs and policies for hiring, training, retention, and supervision of Cleveland police officers on searches, seizures, uses of force, including deadly force, providing medical care, and secondary employment in a manner such that constitutional violations were substantially certain and likely to be visited upon citizens, including

13

Thomas Yatsko, but to which Defendant the City of Cleveland was and is deliberately indifferent.

54.     As a direct and proximate result of the customs and policies described in the preceding paragraphs herein, which on their face violate the Fourth or Fourteenth Amendments or are otherwise implemented in a manner such that constitutional violations are substantially certain and likely to occur, Thomas Yatsko's Fourth and Fourteenth Amendment rights were violated and he was forced to suffer and endure extreme physical, mental and emotional pain and suffering, pecuniary loss, medical bills and his untimely death.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant the City of Cleveland for:

    a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

    b.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    c.  All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

## FOURTH CLAIM FOR RELIEF
### (Assault and Battery Against Defendants Graziolli, MRN and Corner Alley)

55.     Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

56.     On January 13, 2018, Defendant Sergeant Dean Graziolli threatened bodily harm against Thomas Yatsko which caused Mr. Yatsko to be in fear of imminent peril and death.

57.     On January 13, 2018, Defendant Sergeant Dean Graziolli had apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission or

privilege, physically injure Thomas Yatsko on or near the premises of the Corner Alley Uptown bar and restaurant.

58.     At all times relevant, Defendant Graziolli was acting within the course, scope and in furtherance of his employment with Defendants MRN and/or Corner Alley rendering Defendants MRN and/or Corner Alley vicariously liable for Defendant Graziolli's conduct alleged herein in this Claim For Relief.

59.     At all times relevant, Defendant Graziolli was a duly authorized police officer employed by Defendant the City of Cleveland acting under color of law and within the scope of his employment and/or his official duties as a police officer employed by the City of Cleveland. Accordingly, pursuant to Ohio Revised Code ("R.C.") § 2744.07, Defendant the City of Cleveland must indemnify Defendant Sergeant Dean Graziolli for his conduct alleged herein in this Claim for Relief.

60.     Defendant Graziolli assaulted and battered Thomas Yatsko with malicious purpose and/or in a reckless or wanton manner.

61.     As a direct and proximate result of being assaulted and battered by Defendant Dean Graziolli on January 13, 2018, Thomas Yatsko endured and suffered extreme physical, mental and emotional pain and suffering and his untimely death, including pre-death terror.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants Dean Graziolli, MRN and Corner Alley, jointly and severally, for:

    a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

    b.  Punitive damages in an amount that will serve to adequately punish and deter Defendant Graziolli's acts and omissions alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

## FIFTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress Against Defendants Graziolli, MRN and Corner Alley)

62. Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

63. At the aforementioned time and place, Defendant Sergeant Graziolli either intended to cause emotional distress or knew or should have known that his actions would result in severe emotional distress to Thomas Yatsko.

64. Defendant Graziolli's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

65. At times relevant to this Claim for Relief, Defendant Graziolli was acting under color of law and pursuant to his official duties as a Cleveland police officer employed by Defendant the City of Cleveland and within the course, scope and in furtherance of his employment with Defendants MRN and/or Corner Alley, rendering them vicariously liable for Defendant Graziolli's conduct as alleged herein in this Claim for Relief.

66. Pursuant to R.C. § 2744.07, Defendant the City of Cleveland must indemnify Defendant Sergeant Dean Graziolli for his conduct alleged herein in this Claim for Relief.

67. As a direct and proximate result of Defendant Graziolli's extreme and outrageous conduct as alleged herein, Thomas Yatsko endured and suffered psychic injury prior to his death; and the mental anguish suffered by Thomas Yatsko was serious and of a nature that no reasonable person could be expected to endure.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant Dean Graziolli, MRN and Corner Alley, jointly and severally, for:

    a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

    b.  Punitive damages in an amount that will serve to adequately punish and deter Defendant Graziolli's acts and omissions alleged herein;

    c.  Costs of suit and reasonable attorneys' fees; and

    d.  All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

<u>**SIXTH CLAIM FOR RELIEF**</u>
**(Premises Liability Against Defendants MRN and Corner Alley)**

68.    Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

69.    At the aforementioned time and place, Defendants MRN and/or Corner Alley had a duty to provide a reasonably safe and secure premises at and near the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland.

70.    On January 13 and 14, 2018, Defendants MRN and/or Corner Alley, by and through their owners, officers, directors and/or employees were negligent and acted unreasonably in breach of their duty to provide a reasonably safe and secure premises at the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland, including, but not limited to:

    a.  Failing to hire qualified and adequate security personnel;

    b.  Failing to train, monitor and supervise security personnel;

    c.  On information and belief, furnishing Defendant Graziolli with alcohol on January 13 and/or 14, 2018 while Graziolli was employed by Defendants MRN and/or Corner Alley at the Corner Alley Uptown bar and restaurant; and

      d.   Permitting guns inside and on the premises of the Corner Alley bar and restaurant located at University Circle in Cleveland.

71.    Defendants MRN and/or Corner Alley acted maliciously and/or with reckless disregard to the safety of patrons and the public relative to their duty to provide a reasonably safe and secure premises at the Corner Alley Uptown bar and restaurant such that injuries and incidents like the one at issue were substantially certain to occur, likely and foreseeable.

72.    As a direct and proximate result of Defendants MRN and/or Corner Alley's negligence, malice and/or recklessness, Thomas Yatsko endured and suffered physical, mental and emotional pain and suffering up to and including death, as well as pre-death terror when he was assaulted, battered and shot on January 13, 2018.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants MRN and Corner Alley, jointly and severally, for:

      a.   Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

      b.   Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions alleged herein in this Claim for Relief;

      c.   Costs of suit and reasonable attorneys' fees; and

      d.   All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

### SEVENTH CLAIM FOR RELIEF
**(Negligent/Reckless Hiring, Retention and/or Supervision Against Defendants MRN and Corner Alley)**

73.    Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

74.     At all times relevant to this Claim for Relief, Defendant Dean Graziolli was employed by Defendants MRN and/or Corner Alley to work security at the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland.

75.     Prior to January 13, 2018, Defendant Graziolli had been convicted of crimes demonstrating his propensity for untruthfulness and his unfitness to provide security-related services or serve as security at the Corner Alley Uptown bar and restaurant about which Defendants MRN and/or Corner Alley knew or should have known.

76.     Prior to January 13, 2018, Defendant Graziolli had a history of violence and violent and threatening behavior rendering him unfit and unqualified to provide security-related services or serve as security at the Corner Alley Uptown bar and restaurant about which Defendants MRN and/or Corner Alley knew or should have known.

77.     Prior to January 13, 2018, Defendant Graziolli had a history of alcohol consumption and/or abuse or misuse that rendered him unfit and unqualified to provide security-related services or serve as security at the Corner Alley Uptown bar and restaurant about which Defendants MRN and/or Corner Alley knew or should have known.

78.     On information and belief, Defendant MRN and/or Corner Alley, through its managers and/or employees furnished Defendant Graziolli with alcohol on January 13, 2018 at the Corner Alley Uptown bar and restaurant while Defendant Graziolli was working security.

79.     Prior to January 13, 2018, Defendant Graziolli was known to carry a firearm while working private and/or public security secondary employment, including on January 13-14, 2018 while working for Defendants MRN and/or Corner Alley at the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland.

19

80.     At all times relevant to this Claim for Relief, including specifically as of January 13-14, 2018, Defendant Graziolli was incompetent to provide security-related services and serve as security at the Corner Alley Uptown bar and restaurant located at University Circle in Cleveland.

81.     Despite knowledge of the foregoing concerning Defendant Graziolli, Defendants MRN and/or Corner Alley hired, retained and continue to hire and retain Defendant Graziolli to work security at the Corner Alley Uptown bar and restaurant, including on January 13-14, 2018.

82.     At all times relevant to this Claim for Relief, including specifically as of January 13-14, 2018, Defendants MRN and/or Corner Alley had actual or constructive knowledge of Defendant Graziolli's incompetence and knew or should have known that Graziolli was incompetent to provide security-related services and serve as security at the Corner Alley bar and restaurant located at University Circle in Cleveland.

83.     Defendant Graziolli's acts and/or omissions as described herein were a direct and proximate cause of Thomas Yatsko, injuries, damages and death.

84.     Defendants MRN and/or Corner Alley was negligent and reckless/malicious in retaining, monitoring and supervising, and/or failing to monitor or supervise Defendant Graziolli, including specifically on January 13-14, 2018.

85.     As a direct and proximate result of Defendants MRN and/or Corner Alley's negligence and reckless/malicious acts and omissions as described herein in this Claim for Relief, Thomas Yatsko suffered and endured physical, mental and emotional pain and suffering, up to the time of his untimely death, including pre-death terror.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants MRN and Corner Alley, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate the Estate of Thomas Yatsko for the injuries, damages and losses suffered by Mr. Yatsko prior to and leading up to his untimely death;

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions alleged herein in this Claim for Relief;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which the Estate of Thomas Yatsko is entitled and/or this Court deems equitable.

### EIGHTH CLAIM FOR RELIEF
#### (Wrongful Death Against all Defendants)

86. Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

87. As a direct and proximate result of all of the Defendants' conduct and omissions described herein, individually and/or collectively, Plaintiffs' Decedent, Thomas Yatsko, suffered his untimely and wrongful death on January 14, 2018.

88. As a direct and proximate result of his wrongful death, the next of kin of Plaintiffs' Decedent, Thomas Yatsko, have and will forever suffer those injuries and damages set forth in Ohio's wrongful death statutes.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate Thomas Yatsko's next-of-kin for their injuries, damages, and loss;

b. All reasonable funeral and burial expenses;

c. Costs of suit and reasonable attorneys' fees; and

d. All other damages recoverable under Ohio's wrongful death statutes, including all such other relief which the Court deems equitable.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 10th day of April, 2018.

s/*Nicholas A. DiCello*
NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
JEREMY A. TOR (Ohio Bar No. 0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*jtor@spanglaw.com*

***Counsel for Plaintiffs Melissa Yatsko and Darian Allen, On Behalf of the Estate of Thomas Yatsko, Deceased***