IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| MELISSA YATSKO, et al., | ) | CASE NO. 1:18-CV-00814 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  DAN AARON POLSTER |
| | ) | |
| -vs- | ) | ANSWER TO COMPLAINT ON |
| | ) | BEHALF OF DEFENDANT |
| SERGEANT DEAN GRAZIOLLI, | ) | CITY OF CLEVELAND |
| et al., | ) | |
| Defendants. | ) | **(Jury Demand Endorsed Hereon)** |

Now comes the Defendant, City of Cleveland, and for its Answer to Plaintiffs' Complaint states as follows:

1. Defendant denies the allegations set forth in Paragraph 1 of Plaintiffs' Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

2. Defendant denies the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant denies the allegations set forth in Paragraphs 3 through 36 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

4. In response to Paragraph 37, Defendant restates the responses to Paragraphs 1

1

through 36 as if full rewritten herein and therefore denies the allegations contained therein.

5. Defendant denies the allegations set forth in Paragraphs 38 through 42 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

6. In response to Paragraph 43, Defendant restates the responses to Paragraphs 1 through 42 as if full rewritten herein and therefore denies the allegations contained therein.

7. Defendant denies the allegations set forth in Paragraphs 44 through 47 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

8. In response to Paragraph 48, Defendant restates the responses to Paragraphs 1 through 47 as if full rewritten herein and therefore denies the allegations contained therein.

9. Defendant denies the allegations set forth in Paragraphs 49 through 54 of Plaintiffs' Complaint.

10. In response to Paragraph 55, Defendant restates the responses to Paragraphs 1 through 54 as if full rewritten herein and therefore denies the allegations contained

therein.

11. Defendant denies the allegations set forth in Paragraphs 56 through 61 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

12. In response to Paragraph 62, Defendant restates the responses to Paragraphs 1 through 61 as if full rewritten herein and therefore denies the allegations contained therein.

13. Defendant denies the allegations set forth in Paragraphs 63 through 67 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

14. In response to Paragraph 68, Defendant restates the responses to Paragraphs 1 through 68 as if full rewritten herein and therefore denies the allegations contained therein.

15. Defendant denies the allegations set forth in Paragraphs 68 through 72 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

16. In response to Paragraph 73, Defendant restates the responses to Paragraphs 1 through 72 as if full rewritten herein and therefore denies the allegations contained therein.

17. Defendant denies the allegations set forth in Paragraphs 74 through 85 of Plaintiffs' Complaint and further denies the allegations to the extent the allegations call for a legal conclusion or pertain to parties other than this answering Defendant. Defendant further denies the allegations as it lacks information sufficient to form a belief as to the truth of the matters asserted.

18. In response to Paragraph 86, Defendant restates the responses to Paragraphs 1 through 85 as if full rewritten herein and therefore denies the allegations contained therein.

19. Defendant denies the allegations set forth in Paragraphs 87 through 88 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

20. Plaintiff's complaint fails to state a claim upon which relief can be granted.

21. Defendant City of Cleveland is entitled to all defenses and immunities set forth in Ohio Rev. Code Chapter 2744 and all other defenses and immunities under federal, state, and common law.

22. There has been an insufficiency of service of process and insufficiency of process.

23. Any damages or injuries that Plaintiffs may have suffered as alleged in its complaint were directly and proximately caused by Plaintiffs' decedent's own contributory and/or comparative negligence.

24. Any damages or injuries that Plaintiffs may have suffered as alleged in its complaint were directly and proximately caused solely by Plaintiffs' decedent's own negligence.

25. Any damages or injuries that Plaintiffs may have suffered as alleged in its Complaint were directly and proximately caused or contributed to by the negligence of persons other than Defendant City of Cleveland.

26. Any damages or injuries that Plaintiffs may have suffered as alleged in its Complaint were directly and proximately caused by the intervening and/or superseding acts of persons or entities other than City of Cleveland.

27. Plaintiffs have failed to mitigate their damages.

28. Plaintiffs may be judicially estopped from bringing said action.

29. Plaintiffs claim is subject to a cap on damages.

30. Plaintiffs claim is frivolous, subject to sanction, and/or warrants the awarding of attorneys' fees to the Defendant.

31. Plaintiffs claim for punitive damages should be dismissed because punitive damages are not allowed against a political subdivision.

32. All actions taken by the Defendant were protected by the business judgment rule.

33. Plaintiffs failed to comply with all conditions precedent and/or other prerequisites to filing his or her claim(s) and/or failed to comply with all conditions precedent.

34. Any recovery to which Plaintiffs might otherwise have been entitled is barred by the doctrines of laches, waiver, release, unjust enrichment, and/or estoppel.

35. Plaintiff has failed to join necessary and indispensable parties to this litigation.

36. This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

37. Plaintiffs claims are barred, in whole or part, by the applicable statute of limitations and/or statute of repose.

38. Venue in this Court is improper.

39. Any recovery to which Plaintiffs might have otherwise been entitled is barred by the doctrines of accord and satisfaction, or compromise and settlement.

40. Plaintiffs alleged damages were caused by some party or parties over whom this answering Defendant had no control or right to control.

41. Plaintiffs have failed to join parties or entities needed for the just adjudication of the within controversy.

42. Plaintiffs claims are barred against this answering Defendant based upon their failure to commence this action within the applicable statute of limitations.

43. A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct that proximately caused the injury or loss to person or property or the wrongful death is attributable to one or more persons from whom the Plaintiffs do not seek recovery in this action, pursuant to Common Law and O.R.C. § 2307.23.

44. Plaintiffs have spoliated, destroyed, and/or failed to maintain any relevant evidence to the prejudice of this Defendant.

45. The Defendant is entitled to all other full and qualified immunities available under federal law or state law or both.

46. Plaintiffs' claims are subject to a cap on damages and/or a set-off.

47. All actions taken by the Defendant, if any, were and are protected by the business judgment rule.

48. One or more of the as named Defendant in the Complaint is not sui generis.

49. One or more of the as named Defendant in the Complaint is entitled to legislative immunity.

50. Plaintiffs failed to exhaust all available administrative remedies.

51. Defendant affirmatively states that it owed no duty of care to Plaintiffs' decedent.

52. Defendant affirmatively states that Defendant Graziolli was outside the scope of his relationship, if any, with this answering Defendant at the time of the incident alleged in the Complaint and not operating under color of law.

53. Defendant affirmatively states that Plaintiffs' decedent assumed the risk of injury.

54. Defendant affirmatively state that Plaintiffs' damage, if any, was caused by the intentional and/or negligent action of Plaintiffs' decedent.

55. Defendant affirmatively states that the Complaint of the Plaintiffs fails to

state a claim upon which relief may be granted.

56. Defendant affirmatively states that Plaintiffs' non-economic damages, if any, are limited pursuant to R.C. 2315.18.

57. Defendant affirmatively states that Plaintiff's claim for punitive damages must be bifurcated from Plaintiff's claims for compensatory damages and hereby gives notice of same.

58. Defendant affirmatively states that the punitive damage claim is capped pursuant to statute.

59. Defendant affirmatively states the defense of self-defense.

60. Defendant affirmatively states Plaintiffs' decedent was the first aggressor.

61. Defendant affirmatively state that Plaintiffs' alleged damage was caused, in whole or in part, by parties other than these answering Defendant.

62. Defendant affirmatively state that liability, if any, must be apportioned pursuant to R.C. 2307.22.

63. Defendant reserves the right to assert additional affirmative defenses as they become known during discovery.

8

**WHEREFORE,** Defendant prays that the Complaint of the Plaintiffs be dismissed at Plaintiffs' costs.

Respectfully Submitted,

/s/ *Michael J. Pike*
Michael J. Pike (0074063)
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
216.664.2775 (phone)
216.664.2663 (fax)
MPike@city.cleveland.oh.us

## JURY DEMAND

A trial by the maximum number of jurors permitted by law is hereby demanded.

/s/ *Michael J. Pike*
Michael J. Pike (0074063)

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been sent by electronic and/or ordinary mail this 1st day of June, 2018 to the following:

Nicholas A. DiCello, Esq,
Jeremy A. Tor, Esq.
Spangenberg Shibley & Liber
1001 Lakeside Avenue East Suite 1700
Cleveland, Ohio 44114
*Attorneys for* ***Plaintiffs***

Sergeant Dean Graziolli
(Residential address withheld)

Patrick M. Roche
Collins, Roche, Utley & Garner, LLC
800 Westpoint Drive, Suite 1100
Cleveland, Ohio 44145
Attorney for Defendants MRN and Corner Alley

/s/ *Michael J. Pike*
Michael J. Pike