**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA YATSKO, et al.** | ) | **CASE NO.  1:18-CV-00814** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **DEFENDANT SERGEANT DEAN** |
| **SERGEANT DEAN GRAZIOLLI, et al.** | ) | **GRAZIOLLI'S ANSWER TO** |
| | ) | **PLAINTIFF'S FIRST AMENDED** |
| **Defendants.** | ) | **COMPLAINT** |
| | ) | |

Now comes Defendant Sergeant Dean Graziolli ("Defendant"), through counsel, and hereby states the following as and for his Answer to the First Amended Complaint:

1. Defendant denies the allegations in Paragraph 1 of the Complaint to the extent they call for legal conclusions and denies any remaining allegations for want of knowledge.

2. Defendant denies the allegations in Paragraph 2 of the Complaint to the extent they call for legal conclusions and denies any remaining allegations for want of knowledge.

3. Defendant denies for want of knowledge the allegations in Paragraphs 3 through 10 of the Complaint.

4. As it relates to Paragraph 11 of the Complaint, Defendant admits he is a sergeant employed by the City of Cleveland as a law enforcement officer and was working special duty at the Corner Alley Uptown located at University Circle in Cleveland (the "Corner Alley

1

Uptown"), Ohio and was acting under color of law and within the course and scope of his employment with the Defendant City and denies for lack of knowledge any allegations remaining in Paragraph 11.

5. Defendant denies for want of knowledge the allegations in Paragraphs 12 through 14 of the Complaint.

6. As it relates to Paragraph 15 of the Complaint, at the times stated, Defendant admits that he was working special duty at the Corner Alley Uptown, but denies any allegations remaining in Paragraph 15.

7. Defendant admits the allegations in Paragraph 16 of the Complaint.

8. Defendant denies for want of knowledge the allegations in Paragraphs 17 and 18 of the Complaint.

9. As it relates to Paragraph 19, Defendant admits that he followed behind Corner Ally Uptown employees as they escorted Mr. Yatsko out of the Corner Alley Uptown but denies any allegations remaining in Paragraph 19.

10. As it relates to Paragraph 20, Defendant admits that he followed behind Corner Alley Uptown employees as they escorted Mr. Yatsko out of the Corner Alley Uptown but denies any allegations remaining in Paragraph 20.

11. As it relates to Paragraph 21, Defendant admits that Mr. Yatsko was outside the Corner Alley Uptown but denies any allegations remaining in Paragraph 21.

12. Defendant denies the allegations in Paragraph 22 of the Complaint.

13. Defendant denies for want of knowledge the allegations in Paragraph 23 of the Complaint.

14.  As it relates to Paragraph 24 of the Complaint, Defendant admits that he spoke with Mr. Yatsko after he exited the Corner Alley Uptown but denies any allegations remaining in Paragraph 24.

15. Defendant denies for want of knowledge the allegations in Paragraph 25 of the Complaint.

16. Defendant denies the allegations in Paragraph 26 of the Complaint.

17. As it relates to Paragraph 27 of the Complaint, Defendant admits that Mr. Yatsko initiated an attack on Defendant striking him multiple times and that Defendant fought back in self-defense but denies any allegations remaining in Paragraph 27.

18. As it relates to Paragraph 28, Defendant admits that his firearm discharged and that Mr. Yatsko was struck, but denies any allegations remaining in Paragraph 28.

19. Defendant denies the allegations in Paragraph 29 of the Complaint.

20. As it relates to Paragraph 30, Defendant admits: he was acting as a Cleveland police officer acting under the color of law; that he announced he was a Cleveland police officer; that his firearm was issued by the City of Cleveland for his use as a police officer; that Defendant was wearing his City of Cleveland police uniform and badge but denies the allegations remaining in Paragraph 30.

21. Defendant denies for want of knowledge the allegations in Paragraph 31 of the Complaint.

22. As it relates to Paragraph 32 of the Complaint, Defendant admits he called out to bystanders to call 911 but denies the allegations remaining in Paragraph 32

23. Defendant denies for want of knowledge the allegations in Paragraphs 33 through 36 of the Complaint.

24. As it relates to Paragraph 37 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

3

25. Defendant denies the allegations in Paragraphs 38 through 42 of the Complaint.

26. As it relates to Paragraph 43 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

27. Defendant denies the allegations in Paragraphs 44 through 47 of the Complaint.

28. As it relates to Paragraph 48 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

29. As it relates to Paragraphs 49 through 51 of the Complaint, Defendant denies all allegations therein related to him and denies for want of knowledge any allegations remaining in Paragraphs 49 through 51.

30. Defendant denies for want of knowledge the allegations in Paragraph 52 and 53 of the Complaint.

31. Defendant denies the allegations in Paragraph 54 of the Complaint.

32. As it relates to Paragraph 55 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

33. Defendant denies the allegations in Paragraphs 56 and 57 of the Complaint.

34. As it relates to Paragraph 58 of the Complaint, Defendant admits he was working special duty as the Corner Alley Uptown but denies for want of knowledge the allegations remaining in Paragraph 58.

35. As it relates to Paragraph 59 of the Complaint, Defendant admits the allegations in the first sentence.  Defendant but denies the allegations in the second sentence of Paragraph 59 to the extent they call for a legal conclusion and denies for want of knowledge the allegations remaining in the second sentence of Paragraph 59.

36. Defendant denies the allegations in Paragraphs 60 and 61 of the Complaint.

37. As it relates to Paragraph 62 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

38. Defendant denies the allegations in Paragraph 63 of the Complaint.

39. As it relates to Paragraph 64, Defendant admits he was working for Defendants MRN and/or Corner Alley but denies for want of knowledge the allegations remaining therein.

40. Defendant denies the allegations in Paragraph 65 of the Complaint.

41. As it relates to Paragraph 66 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

42. Defendant denies the allegations in Paragraphs 67 and 68 of the Complaint.

43. As it relates to Paragraph 69, Defendant admits that he was acting under the color of law pursuant to his official duties as a Cleveland Police Officer while working special duty at the Corner Alley Uptown but denies for want of knowledge the allegations remaining in Paragraph 69.

44. Defendant denies the allegations in Paragraph 70 to the extent they call for a legal conclusion and denies for want of knowledge the allegations remaining in Paragraph 70.

45. Defendant denies the allegations in Paragraph 71 of the Complaint.

46. As it relates to Paragraph 72 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

47. Defendant denies for want of knowledge the allegations in Paragraph 73 of the Complaint.

48. As it relates to Paragraph 74 of the Complaint, Defendant denies all allegations to relate to him and denies for want of knowledge any allegations remaining in Paragraph 74.

49. Defendant denies for want of knowledge the allegations in Paragraphs 75 and 76.

50. As it relates to Paragraph 77 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

51. As it relates to Paragraph 78 of the Complaint, Defendant admits that he was working special duty for the Corner Ally Uptown but denies any allegations remaining in Paragraph 78 of the Complaint.

52. Defendant denies the allegations in Paragraphs 79 through 82 of the Complaint.

53.  As it relates to Paragraph 83 of the Complaint, Defendant admits that he was working special duty at the Corner Alley Uptown and was legally required to wear his firearm but denies any allegations remaining in Paragraph 83.

54. Defendant denies the allegations in Paragraph 84 of the Complaint.

55. As it relates to Paragraph 85 of the Complaint, Defendant admits that he worked special duty at the Corner Alley Uptown and denies any remaining allegations in Paragraph 81.

56. As it relates to Paragraph 86 of the Complaint, Defendant denies he is or was incompetent to provide services at the Corner Alley Uptown and denies any other allegations in Paragraph 86.

57. Defendant denies the allegations in Paragraph 87 of the Complaint.

58. Defendant denies for want of knowledge the allegations in Paragraphs 88 and 89 of the Complaint.

59. As it relates to Paragraph 90 of the Complaint, Defendant incorporates by reference each and every one of the forgoing admissions and denials as if fully rewritten herein.

60. As it relates to Paragraphs 91 and 92 of the Complaint, Defendant denies any allegations therein that relate to him and denies for want of knowledge any remaining allegations in Paragraphs 87 and 88.

## **AFFIRMATIVE DEFENSES**

1. Defendant denies each and every statement, allegation and averment contained in the Complaint which is not specifically admitted to be true.

2. Self-Defense.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Defendant is entitled to immunity under O.R.C. Section 2744 *et seq* and/or Ohio law.

5. Defendant is entitled to qualified immunity under federal law and/or state law.

6. The injuries to Mr. Yatsko, as alleged in the Complaint, were caused solely and proximately by Mr. Yatsko's own actions or those of persons other than Defendant.

7. The injuries to Mr. Yatsko were caused by, or were contributed to by, Mr. Yatsko's own comparative and/or contributory negligence, intentional acts, culpable conduct, and/or express or implied assumption of the risk, which therefore bars one or more of Plaintiff's claims, and/or entitles Defendant to a reduction in damages.

8. Plaintiffs' claims are barred by the acts and/or omissions of other individuals and/or entities which may have constituted intervening or superseding causes of the injuries and/or damages alleged to have been sustained by Plaintiffs.

9.  Being mindful of the provisions of R. 11 of the Ohio Rules of Civil Procedure, and other applicable rules and laws, the answering Defendants, reserve the right to amend their answer to add to, modify or delete from it additional defenses as future circumstances may warrant.

**WHEREFORE**, having fully answered, the Defendant, Sergeant Dean Graziolli, prays that Plaintiff's Complaint be dismissed with prejudice, that Defendant, Sergeant Dean Graziolli,

goes hence without further cost or delay, that Defendant, Sergeant Dean Graziolli, be awarded

such further relief as this Court may deem just and proper and that in all respects, the Defendant,

Sergeant Dean Graziolli, goes free from any liability or debt to the Plaintiffs.

Respectfully submitted,


/s/David M. Leneghan _____
David M. Leneghan, Esq. (0062025)
K. Scott Carter, Esq. (0080575)
200 Treeworth Blvd., Suite 200
Broadview Heights, Ohio 44147
(440) 223-4260   Fax (440) 838-4260
leneghanlaw@yahoo.com

## **CERTIFICATE OF SERVICE**

A true copy of the foregoing was served upon the following via electronic mail on

this 20th day of March, 2019:


Jeremy A. Tor
Nicholas A. DiCello
Spangenberg, Shibley & Liber
1001 Lakeside Avenue, E., Suite 1700
Cleveland, Ohio 44114
(jtor@spanglaw.com)
(ndicello@spanglaw.com)
*Attorneys for Plaintiffs*

Janeane R. Cappara
Michael Jospeh Pike
City of Cleveland – Dept. of Law
601 Lakeside Avenue, Suite 106
Cleveland, Ohio 44114
(jcappara@city.cleveland.oh.us)
(mpike@city.cleveland.oh.us)
*Attorneys for Defendant, City of Cleveland*

8

Patrick M. Roche
Collins, Roche, Utley & Garner LLC
875 Westpoint Parkway, Suite 500
Westlake, Ohio 44145
(pmroche@cruglaw.com)
*Attorney for Defendants,*
*MRN Enterprises, LLC*
*MRN Development Corporation*
*Corner Alley, LLC*
*Corner Alley Uptown, LLC*
*Corner Alley Fourth Limited Partnership*

William M. Harter, Esq.
Frank Carson, Esq.
Frost Brown Todd LLC
10 West Broad Street, Ste. 2300
Columbus, Ohio 43215
(wharter@fbtlaw.com)
(fcarson@fbtlaw.com)
*Attorneys for Safeco Insurance Company of Indiana*

/s/David M. Leneghan
David M. Leneghan
*Attorney for Defendant, Sergeant Dean Graziolli*