Michael Mcgrath   10/2/2019

## Page 1

```
 1         IN THE UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF OHIO
 3                     EASTERN DIVISION
 4
 5  MELISSA YATSKO and          )
    DARIAN ALLEN,               )
 6  Co-Administrators of the    )
    Estate of Thomas Yatsko,    )
 7                              )
 8         Plaintiffs,          )
                                )
 9     VS.                      )  1:18-CV-00814
                                )  JUDGE POLSTER
10  SERGEANT DEAN GRAZIOLLI,    )
    ET AL.,                     )
11                              )
                                )
12         Defendants.          )
13
                  - - -
14
          VIDEOTAPED DEPOSITION OF MICHAEL MCGRATH
15
              WEDNESDAY, OCTOBER 2, 2019
16
                  - - -
17
18  The videotaped deposition of MICHAEL MCGRATH, called by
19  the Plaintiffs for examination under the Ohio Rules of
20  Civil Procedure, taken before me, Stacey Mocz,
21  Registered Professional Reporter and Notary Public in
22  and for the State of Ohio, at Spangenberg, Shibley &
23  Liber, LLP, 1001 Lakeside Avenue, Suite 1700, Cleveland,
24  Ohio, commencing at 2:16 p.m., on the date above set
25  forth.
```

## Page 2

```
 1  APPEARANCES:
 2  On Behalf of the Plaintiffs:
 3      JEREMY A. TOR, ESQ.
        Spangenberg, Shibley & Liber, LLP
 4      1001 Lakeside Avenue East
        Suite 1700
 5      Cleveland, Ohio 44114
        216.696.3232
 6      JTor@spanglaw.com
 7      NICHOLAS A. DICELLO, ESQ.
        Spangenberg, Shibley & Liber, LLP
 8      1001 Lakeside Avenue East
        Suite 1700
 9      Cleveland, Ohio 44114
        216.696.3232
10      NDiCello@spanglaw.com
11  On Behalf of Defendant City of Cleveland:
12      MICHAEL J. PIKE, ESQ.
        City of Cleveland Law Department
13      601 Lakeside Avenue
        Room 106 - City Hall
14      Cleveland, Ohio 44114
        Mpike@city.cleveland.oh.us
15
    On Behalf of Defendant MRN/Corner Alley:
16
        PATRICK M. ROCHE, ESQ.
17      Collins, Roche, Utley & Garner, LLC
        875 Westpoint Parkway
18      Suite 500
        Cleveland, Ohio 44145
19      216.916.7730
        Pmroche@cruglaw.com
20
    On Behalf of Defendant Sergeant Dean Graziolli:
21
        DAVID M. LENEGHAN, ESQ.
22      200 Treeworth Boulevard
        Suite 200
23      Broadview Heights, Ohio 44147
        440.653.1246
24      Leneghanlaw@yahoo.com
25
```

## Page 3

```
 1  On Behalf of Defendant 629 Euclid, Limited:
 2      THOMAS J. CABRAL, ESQ.
        Gallagher Sharp, LLP
 3      Sixth Floor Bulkley Building
        1501 Euclid Avenue
 4      Cleveland, Ohio 44115
        216.241.5310
 5      tcabral@gallaghersharp.com
 6
    Also present:
 7
        Todd Thibo, Videographer
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 4

```
 1                    I N D E X
 2  WITNESS
    MICHAEL MCGRATH
 3
                        PAGE
 4
 5  EXAMINATION BY MR. TOR           9
 6  EXAMINATION BY MR. CABRAL       75
 7
 8
 9  OBJECTIONS:
10  MR. PIKE:  Objection            10
11  MR. PIKE:  Objection            12
12  MR. PIKE:  Objection            13
13  MR. PIKE:  Objection            14
14  MR. PIKE:  Objection            16
15  MR. PIKE:  Objection            17
16  MR. PIKE:  Objection            18
17  MR. PIKE:  Objection            18
18  MR. PIKE:  Objection            19
19  MR. PIKE:  Objection            21
20  MR. PIKE:  Objection            22
21  MR. PIKE:  Objection            22
22  MR. PIKE:  Objection            23
23  MR. PIKE:  Objection            23
24  MR. PIKE:  Objection            23
25  MR. PIKE:  Objection            25
```


EXHIBIT E

Michael Mcgrath   10/2/2019

Page 73

1   officer.
2 Q. Oh, so --
3 A. **Was a Use of Force Report made, yes.**
4 Q. So the officer who uses force isn't the one who
5   normally completes the report?
6 A. **Under these circumstances, on this particular**
7   **incident, I would have to check to see if Officer**
8   **Graziolli, per se, did it or his supervisor did**
9   **it, but the report would be completed, but**
10  **sometimes under very stressful conditions**
11  **somebody else will get the paperwork going to get**
12  **the report moving along and completed.**
13 Q. Jumping back to the 2014 disciplinary action --
14   we talked about that at some length regarding the
15   duty reports.
16       Based on the information that you had
17   available to you at the conclusion of this
18   disciplinary process, was Sergeant Graziolli the
19   type of officer that you wanted on the Cleveland
20   Police Force?
21       MR. PIKE: Objection to form.
22       Foundation. Calls for speculation.
23 A. **Relative to that incident in 2014, there were**
24   **mistakes made and Sergeant Graziolli was**
25   **disciplined for those mistakes.**

Page 74

1 Q. So again, sir, my question is: Was that the type
2   of officer that you wanted on the Cleveland
3   Police Force?
4       MR. PIKE: Objection to form.
5       Foundation.
6 A. **You know, that's a difficult question. If I felt**
7   **that I wanted Sergeant Graziolli gone, I would**
8   **have terminated him, but I didn't terminate him.**
9   **I demoted him and suspended him for 30 days. And**
10  **that's how I'm going to respond to that**
11  **particular question.**
12 Q. Okay.
13      MR. TOR: All right. Let me take a
14   couple minutes to look over my notes. I
15   may have some follow-up questions, and
16   then we should be done, okay?
17      THE VIDEOGRAPHER: Off the record,
18   3:50 p.m.
19           - - - - -
20   (Thereupon, a recess was had.)
21           - - - - -
22      THE VIDEOGRAPHER: We're on the
23   record at 3:55 p.m.
24      MR. TOR: All right, sir. I
25   appreciate your patience. I have no more

Page 75

1   questions at this time.
2       MR. PIKE: These guys might,
3   Director.
4       MR. LENEGHAN: I don't have any
5   questions.
6       MR. CABRAL: Mr. McGrath, I've got
7   just very, very little for you.
8       My name is Tom Cabral. I represent
9   629 Euclid, Limited, which has recently
10  been brought into this case, so I'm kind
11  of the new guy on the block. I had a
12  couple quick questions about the
13  secondary employment.
14          - - - - -
15      EXAMINATION OF
16      MICHAEL MCGRATH
17  BY MR. CABRAL:
18 Q. If I understand your testimony correctly, Mr.
19   McGrath -- excuse me. Mr. Graziolli was approved
20   by the Cleveland Police Department to engage in
21   secondary employment of the kind of nature that
22   was occurring on the evening of the incident for
23   which we're all here. Is that fair?
24 A. **That's what I understand right now. Correct.**
25 Q. Okay. All right. Sergeant Graziolli was, at the

Page 76

1   time, fully trained, qualified, an active duty
2   police officer. Is that right?
3 A. **That's correct.**
4       MR. PIKE: Objection to form.
5 Q. He would have undergone training in connection
6   with things like -- you were asked about
7   de-escalation. That would be an example of the
8   kind of thing he was trained in?
9 A. **Correct.**
10 Q. All right. And I understand his training record
11  is not in front of you right now, but all of our
12  officers are trained that way. Is that right?
13 A. **That is correct. Yes, sir.**
14 Q. Okay. You testified that it's not uncommon for
15  active duty police officers with the City of
16  Cleveland to be employed in a capacity as a
17  private -- I'll call them a security guard or a
18  bouncer or just working at bars and helping to
19  provide private security. That's fairly common,
20  is it not?
21 A. **Yes, sir.**
22 Q. Is that appropriate employment for secondary
23  employment for Cleveland Police Officers?
24      MR. PIKE: Objection to form.
25 A. **I've been in the business for 46 years and police**

Michael Mcgrath 10/2/2019

Page 77

1 officers have worked at different bars and
2 restaurants throughout the City over that
3 timeline.
4 Q. Sure. And having a trained Cleveland Police
5 Officer provides a certain level of expertise and
6 comfort so that bar owners, restaurant owners,
7 want to go ahead and hire these folks?
8     MR. PIKE: Objection to form.
9 A. Yes, sir.
10 Q. Mr. McGrath, would you agree with me that it
11 would be reasonable for the average restaurant,
12 bar proprietor to be able to rely upon a
13 Cleveland Police Officer as to having had
14 appropriate training and to be qualified to fill
15 the role of private security?
16 A. Yes, sir.
17 Q. It would not be reasonable, would it, to expect
18 that each time a Cleveland Police Officer were to
19 be employed in that secondary capacity, we
20 wouldn't expect the proprietor of the
21 restaurant/bar to have to conduct independent
22 background checks as to these individuals?
23     MR. PIKE: Objection to form.
24 A. Correct.
25 Q. The City does all that, right? If there are

Page 78

1 things in the background of these folks that the
2 general public should know about or a proprietor
3 should know about, the City will have already
4 engaged in that check --
5     MR. PIKE: Objection to form.
6 Q. -- before employing them?
7 A. Yes, sir.
8 Q. Have you ever known of any instance in your
9 40-plus years where a restaurant or bar owner
10 engaged in specialized training in connection
11 with Cleveland Police Officers for this kind of
12 role?
13 A. No, sir.
14 Q. Okay.
15     MR. CABRAL: That's all I have, sir.
16 Thanks so much.
17     THE WITNESS: You're welcome.
18     MR. ROCHE: I don't have any
19 questions. Thank you.
20     THE WITNESS: Thanks.
21     MR. PIKE: We'll read.
22     MR. TOR: We're done.
23     MR. PIKE: Okay. We'll read.
24     THE VIDEOGRAPHER: Off the record at
25 4:00 p.m.

Page 79

-----
(Videotaped deposition concluded at 4:00 p.m.)
-----

Page 80

-----
CERTIFICATE

State of Ohio,       )
                     )
County of Geauga.    )

    I, Stacey Mocz, RPR and Notary Public within and for the State of Ohio, do hereby certify that MICHAEL MCGRATH was by me first duly sworn to testify to the truth, the whole truth, and nothing but the truth, and that the above deposition was recorded stenographically by me and reduced to typewriting by me.
    I FURTHER CERTIFY that the foregoing transcript of the said deposition is a true and correct transcript of the testimony given by the said witness at the time and place specified hereinbefore.

    I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

    IN WITNESS WHEREOF, I have hereunto set my hand seal of office at Cleveland, Ohio on this 10th day of October, 2019.

_____
Stacey Mocz, RPR
Notary Public in and for the State of Ohio,
My Commission Expires May 25, 2020