# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MELISSA YATSKO**, *et al.*, | ) CASE NO. 1:18-CV-814 |
| | ) |
| **Plaintiffs,** | ) |
| | ) **JUDGE DAN AARON POLSTER** |
| v. | ) |
| | ) |
| **SERGEANT DEAN GRAZIOLLI**, *et al.*, | ) <u>**ORDER & OPINION**</u> |
| | ) |
| **Defendants.** | ) |

Before the Court is Plaintiffs' Motion for Reconsideration, **Doc #: 101**. Plaintiffs assert that the Court failed to consider whether Graziolli was acting recklessly for purposes of Ohio Rev. Code Ann. § 2744.03(a)(6) when he shot and killed Thomas Yatsko. Doc #: 101 at 7. Defendants Dean Graziolli and the City of Cleveland filed responses in opposition, respectively Docs ##: 102; 104, and Plaintiffs filed a reply, Doc #: 105.

A motion for reconsideration should be granted when the movant establishes that there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Plaintiffs allege only a clear error of law. Doc #: 101 at 3. In its May 1, 2020 Opinion, this Court found that no reasonable jury could conclude that Graziolli's act of shooting Yatsko was with malicious purpose, in bad faith, or in a wanton or reckless manner. Doc #: 100 at 20-21. Accordingly, the Court concluded that Graziolli is entitled to statutory immunity under

§ 2744.03(a)(6) if a jury finds he was acting within the scope of his employment as a police officer or his official responsibilities. Doc #: 100 at 21. Plaintiffs contend that the Court improperly treated "reckless" as interchangeable with "wanton." Doc #: 101 at 3. In support, Plaintiffs state that the Court neglected to define or clearly apply "reckless" in making this finding. *Id.*

Graziolli and the City of Cleveland argue that reconsideration is not warranted because the Court obviously evaluated recklessness despite failing to define the term. Docs ##: 102 at 3; 104 at 4.

Graziolli and the City of Cleveland are correct. This Court considered and decided that no reasonable jury could conclude that Graziolli's act of shooting Yatsko was with malicious purpose, in bad faith, or in a wanton or reckless manner. Doc #: 100 at 20-21. In making this finding, the Court did not consider "wanton" and "reckless" as interchangeable. And while its Opinion does not define or clearly analyze "recklessness," the Opinion's analysis forecloses finding that Graziolli's act of shooting Yatsko was reckless.

However, for purposes of clarity, this Court will now explicitly define and apply the reckless standard. "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and substantially greater than negligent conduct." *Anderson v. The City of Massillon*, 134 Ohio St. 3d 380, 388 (2012).

The application of this standard is clearly demonstrated in the cases cited in Plaintiffs' Motion for Reconsideration. In these cases, the courts found reckless conduct where an intentional act caused a known or obvious risk of harm. *Anderson*, 134 Ohio St. 3d at 389 (affirming that a jury could conclude that firefighter's actions were reckless if he drove a

2

firetruck at a high rate of speed into an intersection with obstructed view and hit a car); *Goodwin v. City of Painesville*, 781 F.3d 314, 334 (6th Cir. 2015) (affirming the district court's conclusion that an officer was reckless where he applied a taser to a person for 26 seconds and caused a brain injury). Importantly, the actors in these cases did not intend to cause the harm that resulted.

Here, Graziolli did not act recklessly. Yatsko was punching Graziolli and said that Graziolli would have to kill him. Doc #: 85-3 at 55-56. Graziolli then unholstered his pistol and shot Yatsko twice to "survive the attack." Doc #: 85-3 at 56. Unlike *Anderson* and *Goodwin*, where the harm was an unintended result of intentional actions, Graziolli acted with the intention of wounding Yatsko sufficiently to neutralize Yatsko's attack. This intention was realized. In other words, Graziolli did not consciously disregard a risk of harm – he was aware by firing his pistol that Yatsko would be shot. And Graziolli was not indifferent to a risk of harm – he fired his weapon with the purpose of harming Yatsko to stop the fistfight.

Plaintiffs' attempt to broaden the recklessness analysis by arguing that disputed facts remain on whether Graziolli was reckless in creating the situation that caused him to shoot Yatsko. Docs ##: 85 at 32; 101 at 4. Specifically, Plaintiff asks the Court to consider their allegations that Graziolli failed to carry less-than-lethal weapons, instigated Yatsko, and started the fistfight. *Id.* But the risk of having to shoot someone is not a known or obvious risk that results from an off-duty officer or security guard carrying only a firearm, even if that officer or security guard starts a fistfight.

As this Court already found, whether Graziolli's act of shooting Yatsko was reasonable is a question for the jury. Doc #: 100 at 15. But no jury could conclude that intentionally shooting a person in the middle of a fistfight where the person says that the shooter will have to kill him

3

equates to a conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and substantially greater than negligent conduct.

Because there was no clear error of law, Plaintiffs' Motion for Reconsideration, **Doc #: 101**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 2, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**