IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELISSA YATSKO**, *et al.*, | ) | CASE NO. 1:18-CV-814 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **SERGEANT DEAN GRAZIOLLI**, *et al.*, | ) | <u>**ORDER & OPINION**</u> |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Plaintiffs' Rule 54(b) Motion for Entry of Final Judgement. **Doc #: 109**. Defendants filed oppositions, Docs ##: 111, 112, 113, and Plaintiffs filed a reply in support, Doc #: 114. For the following reasons Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      Background**

Following the shooting death of Thomas Yatsko, Plaintiffs brought claims against Sergeant Dean Graziolli, the City of Cleveland, and several corporate entities (collectively the "Corporate Entities").[1] Doc #: 1. These defendants moved for summary judgement on the respective claims against them. Docs ##: 66, 79, 81. The Court granted the City of Cleveland's Motion for Summary Judgment and granted in part and denied in part Graziolli's and the Corporate Entities' Motions for Summary Judgement. Doc #: 100 at 33.

---

[1] Plaintiffs moved to dismiss most of the corporate entities. Doc #: 86 at 69. The remaining corporate entities are Corner Alley Uptown, LLC; 629 Euclid Ltd.; and MRN Limited Partnership.

Graziolli and the City of Cleveland are appealing this Court's decision denying Graziolli summary judgement on qualified immunity. Docs ##: 106; 107. Plaintiffs desire to pursue a cross-appeal. Doc #: 110. To accomplish this, Plaintiffs seek entry of final judgement on several claims. Doc #: 109 at 1-2. These claims are:

- *Monell* liability against the City of Cleveland;
- Negligence against Graziolli;
- Intentional infliction of emotional distress against Graziolli;
- Negligence against the Corporate Entities;
- Intentional infliction of emotional distress against the Corporate Entities; and
- Negligence/reckless hiring, retention and/or supervision against the Corporate Entities.

Plaintiffs further seek entry of final judgement on three findings which did not resolve a claim. Doc #: 109 at 1-2. These are:

- That wrongful death against Graziolli cannot be predicated on negligence or intentional infliction of emotional distress;
- That wrongful death against the Corporate Entities cannot be predicated on negligence, intentional infliction of emotional distress, or negligent hiring, retention, and/or supervision; and
- That Graziolli did not act with malicious purpose, in bad faith, or in a reckless or wanton manner for purposes of statutory immunity.

**II.    Analysis**

Fed. R. Civ. P. 54(b) permits a district court to release a case for immediate appeal before the entry of final judgment as to all matters in dispute. *Corrosioneering, Inc. v. Thyssen Envtl.*

*Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986). Rule 54(b) calls for a two-prong analysis. *General Acquisition v. Gencorp, Inc.,* 23 F.3d 1102, 2026 (6th Cir. 1994) (quotation omitted). Under the first prong, the entry of final judgement must be "as to one or more, but fewer than all, claims or parties . . . ." *Id.*; Fed. R. Civ. P. 54(b). The ultimate disposition of one or more, but fewer than all parties satisfies this prong. *Thames v. City of Westland*, 2018 U.S. Dist. LEXIS 101294, at *4 (S.D. Mich. June 18, 2018) (citing *Lowery v. Fed. Express* Corp., 426 F.3d 814, 821 (6th Cir. 2005)). The second prong requires a finding that there is no just reason to delay appellate review. *Gencorp*, 23 F.3d at 2026; Fed. R. Civ. P. 54(b). Courts consider the following non-exclusive list of factors in making this finding:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering*, 807 F.2d at 1283.

The Court's grant of summary judgement against Plaintiffs' *Monell* claim merits an entry of final judgement. Such an entry satisfies the first prong. The grant of summary judgment removed the City of Cleveland from the case.

Such an entry also satisfies the second prong – that there is no just reason to delay appellate review. First, The *Monell* claim is distinctly tethered to the issue of qualified immunity, which is currently before the Court of Appeals. An officer is entitled to qualified immunity unless a constitutional violation occurred and the rights at issue were clearly established at the time of the misconduct. *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) (quotations omitted). The City of Cleveland faces *Monell* liability if the constitutional violation resulted from

3

a custom of tolerance or acquiescence towards excessive force or if the City failed to adequately supervise its officers. *See Beaz v. City of Cleveland*, Case No. 1:19 cv 623, 2019 U.S. Dist. LEXIS 221609, at *5 (N.D. Ohio Dec. 27, 2019). Accordingly, if the Court of Appeals agrees with this Court's determination that Graziolli is not entitled to qualified immunity on summary judgement, it can eastly go one step further and determine whether the alleged constitutional violation is attributable to the City of Cleveland's customs or inadequacy of supervision. Should the Court of Appeals find that Graziolli is entitled to qualified immunity because no constitutional violation occurred, the Court of Appeals need not address the *Monell claim. See Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017).

Second, the need for review of *Monell* liability will not be mooted by future developments in the district court.

Third, permitting an appeal now will prevent the Court of Appeals from having to reconsider the alleged constitutional violation to determine whether it is attributable to the City of Cleveland.

Fourth, there are no claims or counterclaims which could result in a set-off against summary judgment in favor of the City of Cleveland.

Finally, judicial economy strongly favors an entry of final judgement on *Monell*. The Court of Appeals is already reviewing this Court's denial of qualified immunity to Graziolli. Extending the scope of the court of appeal's review slightly will resolve whether the City of Cleveland will remain a party to the action. The alternative, to have Plaintiffs wait until the action is complete to appeal the *Monell* issue, creates the possibility that a second trial would be required to determine whether the alleged constitutional violation is attributable to the City of Cleveland.

4

This Court declines to enter final judgement on the other issues.[2] Plaintiffs assert that permitting review of all claims is more efficient; that it lets the parties know which claims will be tried by a jury. Doc #: 114. Plaintiffs are undoubtably correct. Yet the same can be said for every case. Routinely entering final judgement on all district court findings is not the purpose of Rule 54(b). *Corrosioneering, Inc*, 807 F.2d at 1282 ("The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice. . .") (citation omitted).

Nor, contrary to Plaintiffs' assertion, does the procedural posture support the entry of final judgment. Plaintiffs cite to four cases in which courts entered final judgement to permit cross-appeals to an interlocutory appeal of a denial of qualified immunity. Doc #: 114 at 1-2. But these cases entered final judgment on claims either closely related to the denial of qualified immunity or that disposed of a party. *Bukowski v. City of Akron*, 326 F.3d 702, 707 (6th Cir. 2003) (discussing the district court's entry of final judgement to the City of Akron on *Monell* liability); *Downie v. City of Middleburg Heights*, 301 F.3d 688 (6th Cir. 2002) (discussing the district court's entry of final judgement on the grant of summary judgement as to two defendants); *LeFever v. Ferguson*, 2013 U.S. Dist. LEXIS 123846 (S.D. Ohio Aug. 29, 2013) (entering final judgement on the grant of qualified immunity on one § 1983 claim where the defendant was appealing the denial of qualified immunity on a different § 1983 claim); *Abdulsalaam v. Franklin County Bd. Of Comm'r*, 2009 U.S. Dist. LEXIS 87486 (S.D. Ohio Aug. 31, 2009) (entering final judgement on claims involving the same factual record and issue of qualified immunity as the claim already being appealed).

---

[2] The parties dispute whether Plaintiffs' other issues constitute multiple claims for purposes of the first prong. The court need not decide this issue because it declines to use its discretion to enter final judgement.

Here, the Court's findings on Plaintiffs' state law claims do not raise issues closely tied to qualified immunity and are not dispositive as to any party. Rule 54(b) was not intended to provide interlocutory appeal of every ruling of the district court.

### III. Conclusion

Accordingly, Plaintiffs' Motion, **Doc #: 109**, is **GRANTED IN PART** and **DENIED IN PART**. The Clerk shall enter final judgment dismissing all claims against the City of Cleveland for the reasons set forth in the Court's May 1, 2020 Opinion and Order.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 23, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**