IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA YATSKO, et al. | ) | CASE NO. 1:18-CV-00814 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **DEFENDANT SERGEANT DEAN** |
| SERGEANT DEAN GRAZIOLLI, et al. | ) | **GRAZIOLLI'S MOTION TO ENFORCE** |
| | ) | **SETTLEMENT AGREEMENT &** |
| Defendants. | ) | **DISMISS** |

Defendant, Sergeant Dean Graziolli ("Defendant Graziolli"), by and through the undersigned counsel, moves this Court to enforce the Settlement Agreement entered into by Plaintiffs, and dismiss all claims against him in this matter. On August 30, 2020, a Full and Final Release ("Release") was executed by Plaintiffs. A copy of the Release is filed separately under seal. The Release covers Defendant Graziolli, should be enforced, and all claims against him dismissed.

A Brief in Support is attached hereto, and together with the Release filed under seal, both are incorporated by reference as if fully restated at length.

                                                        Respectfully submitted,

                                                        /s/David M. Leneghan
                                                        David M. Leneghan, Esq. (0062025)
                                                        4807 Rockside Rd., Suite 240
                                                        Independence Ohio 44131
                                                        (440) 223-4260   Fax (440) 838-4260
                                                        leneghanlaw@yahoo.com

## CERTIFICATE OF SERVICE

      A true copy of the foregoing was served upon the following via electronic mail through the Court's electronic filing system to all parties of record:

Jeremy A. Tor
Nicholas A. DiCello
Spangenberg, Shibley & Liber
1001 Lakeside Avenue, E., Suite 1700
Cleveland, Ohio 44114
(jtor@spanglaw.com)
(ndicello@spanglaw.com)
*Attorneys for Plaintiffs*

                                            /s/David M. Leneghan
                                            David M. Leneghan
                                            *Attorney for Defendant, Sergeant Dean Graziolli*

**Brief In Support**

Plaintiff filed this action in 2018 against the Defendants arising out of the fatal injuries of Thomas Yatsko. (Doc #1; Complaint ¶1). The Court granted summary judgment to Defendant City of Cleveland ("City"), dismissing claims against the City. (Doc # 116). On May 1, 2020, the Court granted in part and denied in part summary judgment motions filed by Defendant Graziolli, and the MRN/ Corner Alley Defendants (Doc #100). On August 30, 2020, Plaintiffs executed a Full and Final Release ("Release") in exchange for valuable consideration. The Release, filed under seal contemporaneously herewith, is incorporated by reference as if fully rewritten at length. Upon review of the written settlement agreement, Defendant Graziolli asks this Court to enforce the Release agreement and dismiss him from this action.

Plaintiffs "agree that they have accepted payment of the sum specified [therein] as a complete compromise of matters involving disputed issues of law and fact." (Release ¶1.5). The consideration paid was a complete release "from any and all past, present, or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based in tort, statutory, contract or other theory of recovery which [Plaintiffs] now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of" the incident and death of Thomas Yatsko. (Release ¶1.1). There is no dispute about, or concerning, the adequacy of the consideration, and the completeness of the release. The Release is "fully binding and complete settlement". (Release ¶1.4).

Pertinent to this motion is the language of Section 1.3 of the Release. The Release does not contain carve-out language or identify any particular person or party for whom it does not specifically apply. But, section 1.3 of the Release identifies who the Release applies to. That

3

provision indicates the bargained for persons and entities covered by the Release and released by the releasors. That provision states:

> 1.3 This release and discharge shall also apply to the Corner Alley Defendant's insurers, attorneys, employees, officers, parent, subsidiary and related companies, agents, principals, representatives, successors, and assigns, and all other persons, firms, or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

Defendant Graziolli is a person who was affiliated with the Corner Alley Defendants. Since Defendant Graziolli had been affiliated with the Corner Alley Defendants, he is a covered person for whom the full and final Release contractually protects from further litigation as he was released and discharged from all claims.

It does not matter whether Defendant Graziolli was also affiliated with or associated with the City. The Release concerns those persons affiliated in any way with Corner Alley Defendants, which Defendant Graziolli was associated and affiliated with. Defendant Graziolli was employed by Defendants MRN and Corner Alley. (Doc #1; Complaint ¶11, 15, See also ¶¶9 and 10 for Capitalized term definitions; Doc # 41 First Amended Complaint ¶11, 15, 9 and 10 ).

Defendant was also an agent of Corner Alley Defendants.[1] (Doc 41 ¶ 15). The Release language also covers agents of Corner Alley Defendants.

Defendant Graziolli received workers compensation coverage through Corner Alley Defendants. (Page ID 2994). Obtaining workers compensation through Corner Alley demonstrates an affiliation with Corner Alley Defendants. In its summary judgment ruling

---

[1] Defendant Graziolli was also acting under color of law for the City. This motion does not abandon that argument and fact, and Defendant Graziolli reserves all rights to continue to maintain such position entitling him to qualified immunity also. Defendant Graziolli wore several hats on the night in question, one of which is pertinent to this motion is his affiliation with Corner Alley Defendants.

analysis, this Court acknowledged that workers compensation coverage through Corner Alley was provided on behalf of Defendant Graziolli, and it was provided as a precondition to being affiliated with Corner Alley. (Page Id 2994). Defendant Graziolli obtained workers compensation benefits for the injuries he sustained from Thomas Yatsko from the workers compensation coverage provided through Corner Alley Defendants. Providing workers compensation coverage, and allowing to receive benefits therefrom, are some things one does only to someone affiliated or associated with it. One would not pay money, and incur expenses, for workers compensation coverage to a stranger. One would provide workers compensation only for someone associated or affiliated with it. The State of Ohio workers compensation program would only provide and allow benefits if a person was affiliated with the covered entity. Workers compensation coverage afforded to Defendant Graziolli through his affiliation with Corner Alley is a sign that Defendant Graziolli was affiliated with Corner Ally. It is a clear sign of affiliation.

Corner Alley's director of restaurant operations, Jonathan Seeholzer, testified under oath that Defendant Graziolli "assisted in the management when need be." (Page Id 2993). This Court acknowledged the same in its summary judgment order. (Id). Assisting in the management is something a person does only if affiliated with such organization. A person would not assist in management when need be if he was not associated with that particular entity. In addition, as Plaintiffs concede and maintain, "Defendant Graziolli was performing his duties on behalf of, in furtherance of, at the behest of, and subject to the direction and right of control of Defendants MRN and Corner Alley." (Complaint ¶ 15). Since Defendant Graziolli assisted in the activities of Corner Alley under his private employment, he clearly was affiliated or associated with Corner Alley.

Although in its summary judgment ruling, the Court considered whether Defendant Graziolli was entitled to immunity protections for whether his conduct was acting in an official capacity, it is clear the Court noted that Defendant Graziolli was acting, at some point, for the benefit of Corner Alley for whom he has a relationship as, at least minimally, a security guard.[2] (Page Id 3000, 3019). Defendant Graziolli was not at the Corner Alley as a mere customer. Surely, "removing a patron from a bar" is an association in affiliation with Corner Alley, and not against it. Regardless of whether Defendant Graziolli was also acting in an official capacity throughout the night, he was affiliated with Corner Alley for at least some portion of the night, and on the many other days he previously worked there also. The Release does not exclude those who were partially affiliated, somewhat affiliated, or even previously affiliated.

The Release is not limited either to those persons only affiliated with Corner Alley and no one else. And it does not matter who started the fight, a theme Plaintiffs like to emphasize, as the Release covers that too. All that matters is whether Defendant Graziolli was a person (he is) who has been affiliated (he was) with Corner Alley Defendants (a defined term). In fact, it does not matter whether Plaintiffs through ignorance, oversight or error included Defendant Graziolli in the Release. Afterall, Plaintiffs " expressly waive and assume the risk of any and all claims for damages which exist as of this date, but which the [Plaintiffs] do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise". (Release ¶1.5).

Under the common definition of "affiliated", Defendant Graziolli was affiliated with Corner Alley Defendants. Although there are many definitions for the word "affiliated", all are clear to have a basic understanding of being 'allied' or 'associated' with a particular person or entity for the meaning of the word affiliated. As set forth in the numerous instances and

---

[2] One can still be a security guard performing official duties entitled to qualified immunity.

6

examples above, Defendant Graziolli was allied and associated with Corner Alley and, therefore, affiliated with Corner Alley Defendants.  Accordingly, he is entitled to as complete release of all claims against him as set forth in the language of the Release.

For the foregoing reasons, Defendant Graziolli asks this Court to enforce the settlement agreement, and dismiss all claims against Defendant Dean Graziolli in this case, with prejudice, at Plaintiffs' costs.

Respectfully submitted,

/s/David M. Leneghan _____
David M. Leneghan, Esq. (0062025)
K. Scott Carter, Esq. (0080575)
4807 Rockside Rd., Suite 240
Independence Ohio 44131
(440) 223-4260   Fax (440) 838-4260
leneghanlaw@yahoo.com