IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA YATSKO, et al., | ) |
| | ) Case No. 18-cv-814 |
| Plaintiffs, | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| SERGEANT DEAN GRAZIOLLI, et al., | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendant Dean Graziolli's Motion to Enforce Settlement Agreement and Dismiss (the "Motion"). ECF Doc. 120. For the following reasons, the Motion is **DENIED**.

### BACKGROUND[1]

This case arises out of the shooting death of Thomas Yatsko by Defendant Dean Graziolli in January 2018 on the premises of co-Defendant Corner Alley Uptown, LLC ("Corner Alley"), which was a bar and bowling alley.[2] At the time, Graziolli was a sergeant with the Cleveland Police Department, but he also worked as a private security guard at Corner Alley under a "secondary employment" arrangement between Corner Alley and the Cleveland Police Department. On the night of the shooting, Graziolli and Yatsko had a physical altercation, which ended when Graziolli used deadly force against Yatsko. Plaintiffs Melissa Yatsko and Darian Allen then brought the instant lawsuit against Graziolli, the City of Cleveland, Corner Alley, and legally entities affiliated with Corner Alley, including co-Defendants MRN Limited Partnership and 629 Euclid, Ltd. (collectively, the "Corporate Defendants"). ECF Docs. 1, 48.

---

[1] Given the history of this litigation, the Court presumes the parties are familiar with the facts and procedural history. Thus, the Court recounts only the background information that is relevant and necessary to resolve the Motion.

[2] Plaintiffs settled their claims against Corner Alley and the Corporate Defendants but have yet to file a notice of dismissal with this Court. While the parties filed a Rule 42 notice of dismissal with the Sixth Circuit, that filing dismissed only the appeal. *See* Sixth Cir. ECF Docs. 25, 26-2, Dkt. No. 20-3576. Accordingly, Corner Alley and the Corporate Defendants are still defendants in the case.

Shortly after the Court partially denied Corner Alley's and the Corporate Defendants' motions for summary judgment, Plaintiffs settled their remaining claims against those defendants during a mediation. ECF Doc. 124-1 at ¶¶ 3-8. Graziolli attended the mediation as well, but he elected not to participate in the settlement. *Id.*

Following probate proceedings, Plaintiffs, Corner Alley, and the Corporate Defendants (collectively, the "Settling Parties") executed their final written agreement (the "Settlement Agreement"), in which Plaintiffs agreed to release their claims against Corner Alley and the Corporate Defendants in exchange for a monetary payment. *Id.*; ECF Doc. 123 at § 1.1. The Settlement Agreement further defined the individuals and entities to be released by Plaintiffs:

> [Corner Alley and the Corporate] Defendants' insurers, attorneys, employees, officers, parent, subsidiary and related companies, agents, principals, representatives, successors, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

*Id.* at § 1.3 (the "Released Parties clause"). The Settlement Agreement is entirely silent with respect to Graziolli—it does not mention him by name, describe his actions, specify the claims against him, or otherwise indicate that he provided consideration for Plaintiffs' release of claims. *Id.*

Graziolli now asserts that he is a released party under the Settlement Agreement and seeks dismissal of the claims against him. ECF Doc. 120. Plaintiffs opposed the Motion, and Graziolli filed a reply brief. ECF Docs. 124, 125. The Court has reviewed the parties' arguments and the Settlement Agreement, and now denies the Motion.

## **ANALYSIS**

Graziolli's dismissal argument is based on his interpretation of the Settlement Agreement, namely the Released Parties clause. The Settlement Agreement defines the released parties to include Corner Alley's "agents" and "all other persons . . . with whom any of the [enumerated persons and entities] have been, are now, or may hereafter be affiliated." ECF Doc. 123 at § 1.3.

From this, Graziolli claims that he is a released party—perhaps inadvertently—because he was "affiliated" with and an "agent" of Corner Alley as its security guard. ECF Doc. 120 at 4-7.[3]

As set forth below, Graziolli's arguments in favor of release fail for two reasons. First, Graziolli does not qualify as an agent or an affiliate within the common meaning of those words, so the Released Parties clause does not apply to him. Second, the Settlement Agreement does not expressly identify Graziolli as a released tortfeasor, which is required by Ohio law. Accordingly, Plaintiffs have not released their claims against Graziolli, and Graziolli is not entitled to dismissal.

## A. The Released Parties Clause

When enforcing a settlement agreement, Ohio law requires a court to interpret that settlement agreement in the same manner as any contract: "[T]he primary objective is to give effect to the intent of the parties, which [courts] presume rests in the language that they have chosen to employ." *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 613-14 (2004).[4] When a settlement agreement's terms are clear and unambiguous, those terms will be given their plain and ordinary meaning. *Id.* at 614; *see also Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 49 (2008).

Here, neither party has argued that the relevant terms are ambiguous. Accordingly, the Court first must discern the plain and ordinary meaning of both "affiliate" and "agent" before determining whether Graziolli qualifies as either.

Turning first to the plain and ordinary meaning of "affiliate." The Sixth Circuit has recently addressed this issue and defined "affiliate" as a relationship in which one party has a substantial

---

[3] In his reply brief, Graziolli also argues that he qualifies as a "representative" under the Released Parties clause. However, the Court need not consider arguments raised for the first time in a reply brief because the responding party was not afforded an opportunity to argue the point. *Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 727 n.19 (6th Cir. 2005). In any event, this argument fails because it misrepresents Graziolli's relationship to Corner Alley.

[4] Ohio contract law governs the instant dispute. ECF Doc. 123 at ¶ 5.0; *see also Smith v. ABN AMRO Mort. Group, Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011).

or unusual amount of control over the other. *Pope v. Carl*, 742 F. App'x 123, 128–29 (6th Cir. 2018); *see also Bond Safeguard Ins. Co. v. Dixon Builders I, LLC*, 2012-Ohio-3313, 2012 WL 2988790, at *8 (12th Dist. 2012) (interpreting "affiliate" to require control).[5] The *Pope* court discerned this definition of "affiliate" from Black's Law Dictionary, which defines "affiliate" as "a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." *Id.*

Next, the common and ordinary meaning of "agent" is "someone who is authorized to act for or in place of another." *Agent*, *Black's Law Dictionary* (11th ed. 2019). Agency further connotes a fiduciary relationship, in which "the principal has the right to control the actions of the agent." *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 999 n.4 (6th Cir. 2009) (citing *Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 744 (10th Dist. 1996)).

With these definitions in mind, the Court concludes that Graziolli qualifies as neither an affiliate nor an agent because both Corner Alley and the Corporate Defendants lacked the necessary control over Graziolli to form such a relationship. In the summary judgment order, the Court determined that Graziolli had an independent contractor relationship with Corner Alley and possibly with the Corporate Defendants. ECF Doc. 100 at 26-27. This determination was based upon the undisputed evidence that neither Corner Alley nor the Corporate Defendants ever communicated with or otherwise instructed Graziolli, whereas a Cleveland Police Department member arranged Graziolli's security guard shifts and payment. *Id.* Accordingly, Corner Alley's

---

[5] While *Pope* involved a settlement agreement formed under Kentucky law, the interpretation of "affiliate" is relevant here because the Sixth Circuit did not rely on Kentucky law in defining the term. And, notably, the *Pope* case involved the precise phrase at issue here—*i.e.*, "all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated"—which further makes it relevant to this analysis. 742 F. App'x at 127-28.

and the Corporate Defendant's tenuous relationship to Graziolli does not place him within the ambit of the Released Parties clause.

The Court's conclusion is unaltered by Graziolli's arguments for classifying him as an affiliate. In claiming to be Corner Alley's affiliate, Graziolli uses the term loosely to mean "a person affiliated *in any way* with Corner Alley"—even "minimally"—and he points to his worker compensation payments from Corner Alley as evidence of the affiliation. ECF Doc. 120 at 4-6 (emphasis added). However, the Sixth Circuit's decision in *Pope* forecloses this argument. Corner Alley's affiliates must be subject to a substantial or unusual amount of control by Corner Alley, but, as described above, no such control existed over Graziolli. Plus, the Court has already determined that Graziolli's worker compensation payments from Corner Alley do not establish control and, in turn, cannot establish an affiliate relationship. *See* ECF Doc. 100 at 26-27.

Graziolli's argument for classifying him as an agent fares no better. More specifically, Graziolli maintains that he was both an independent contractor and an agent for Corner Alley because those two roles are not mutually exclusive—*i.e.*, an independent contractor can also be an agent who acts on behalf of a principal, even if the principal does not control the independent contractor's physical conduct. ECF Doc. 120 at 4; ECF Doc. 125 at 4-5. While Graziolli's legal point may be correct in the abstract, it has no application here because the hallmark attributes of an agency relationship are missing: Corner Alley exercised no control over Graziolli, and Graziolli did not owe Corner Alley a fiduciary duty. Thus, Graziolli was not Corner Alley's agent.

Overall, Graziolli was not Corner Alley's affiliate or agent, as those words are commonly defined, and the Court must conclude that the Settling Parties did not intend for the Settlement Agreement to encompass Graziolli. Therefore, Plaintiffs have not released their claims against Graziolli, and the Motion fails.

### B. <u>Ineffective Release</u>

Additionally, the Settlement Agreement cannot be read as effectively releasing Graziolli from the claims against him. As Plaintiffs correctly point out, Ohio law requires any release to specifically identify the released tortfeasors to be effective: "[A] release [must] expressly designate by name or otherwise specifically identify or describe any tortfeasor to be discharged." *Beck v. Cianchetti*, 1 Ohio St.3d 231, 235 (1982) (interpreting the former O.R.C. § 2307.32); *see also* O.R.C. § 2307.28 (replacing the former statute but retaining the same relevant language). In announcing the specific identity rule, the Supreme Court of Ohio explained that the relevant statute abrogated the harsh common law, under which a plaintiff's unqualified release with one tortfeasor would automatically extinguish claims against any joint tortfeasors. *Id.* at 234. Thus, a catch-all phrase in a release clause—such as "all other persons" responsible for the harm—is insufficient to release a joint tortfeasor because the statute is intended to prevent unknowing releases. *Id.* at 235.

Although the Settlement Agreement is facially insufficient to release Graziolli as an identified tortfeasor under *Beck*, Graziolli still argues that the Released Parties clause applies to him because it is appropriately limited to persons and entities "related to Corner Alley." ECF Doc. 125 at 6-7. Graziolli reads *Beck* to mean that a release clause is overly broad only when it includes the phrase "all other persons" with no further qualification and, thus, *Beck* is inapplicable here because the Released Parties clause does not include the offending language. *Id.* Instead, Graziolli posits that the outcome is controlled by *Pakulski v. Garber*, 6 Ohio St.3d 252 (1983), in which the Supreme Court of Ohio applied a release clause in favor of the settling defendants' lawyers because the settlement agreement identified the settling defendants' "agents" as released parties. *Id.* at 6.

The Court is not persuaded by Graziolli's arguments. Even if the Court accepted Graziolli's interpretation of the Released Parties clause as including anyone with a relationship to Corner

Alley or the Corporate Defendants, that interpretation is too broad to specifically identify Graziolli and, in turn, to satisfy *Beck*. As Plaintiffs correctly state, this interpretation would extend the Released Parties clause to Corner Alley's garbage haulers, general contractors, and even customers. Thus, Graziolli's interpretation is the functional equivalent of *Beck*'s "all other persons" language because the Released Parties clause becomes so inclusive that it is rendered meaningless.

Moreover, Graziolli's identity was known to the Settling Parties when they executed the Settlement Agreement, making Graziolli's reliance on *Pakulski* is misplaced. There, the plaintiffs did not know that the settling defendants' lawyers were potentially liable for their claims at the time the settlement agreement was executed, but they nonetheless released the attorneys by agreeing to release the settling defendants' agents. 6 Ohio St.3d at 254-56.[6] Here, not only was Graziolli named as a defendant at the time the Settlement Agreement was executed, but his actions were also the predicate for the litigation. Had the Settling Parties wished to release Graziolli from liability, they easily could have done so by expressly identifying him in the Settlement Agreement.

And finally, Graziolli has not paid any consideration to obtain a release from the claims against him. Graziolli attended the mediation at which the settlement agreement was reached between Plaintiffs, Corner Alley, and the Corporate Defendants, but he declined to make any settlement offer. Instead, he is now attempting to avoid liability by exploiting a Settlement Agreement to which he is not a named party or beneficiary. This is precisely the type of harsh result that the specific identity rule is intended to preclude, and the Court will not enforce the Settlement Agreement in manner that circumvents *Beck*.

---

[6] *Pakulski* is further distinguishable because there was no dispute that the settling defendants' attorneys were "agents" within the plain and ordinary meaning of that word. Here, however, there is no factual basis to conclude that Graziolli was Corner Alley or the Corporate Defendants' agent.

Therefore, Graziolli is not specifically identified as a released party, and the Settlement Agreement's terms are ineffective to release him from liability. Rather, Graziolli's omission from the Settlement Agreement was intentional, and the Court must give effect to the Settling Parties' intent. Accordingly, the Motion fails for this reason, as well.

## CONCLUSION

For the reasons above, Defendant Dean Graziolli's Motion to Enforce Settlement Agreement and Dismiss (ECF Doc. 120) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 18, 2022*
**Dan Aaron Polster**
**United States District Judge**